IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:10-CV-103-FL

| | |
|---|---|
| HENRY JOHNSON WILLIAMS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GEORGIA PACIFIC CORPORATION, REX ) <br> HIERS, and KELLY PALMER, ) <br> ) <br> Defendants. ) | **MEMORANDUM AND RECOMMENDATION** |

This case comes before the court for continuation of its frivolity review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) following this court's order to particularize (D.E. 3). Plaintiff has filed a response (D.E. 6) to the order consisting of three handwritten pages and eight pages of attachments (D.E. 6-1). Because plaintiff has failed to particularize his complaint as directed by the court, it will be recommended that this case be DISMISSED for the reasons stated below.

## BACKGROUND

As noted in the court's particularization order, plaintiff alleges that his employer unlawfully discriminated against him in denying him severance benefits in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000, *et seq.* ("Title VII"). Because plaintiff's complaint failed to identify the specific type of discrimination of which he complains or to allege that he has exhausted his administrative remedies, the court directed plaintiff to file a particularized complaint to address these deficiencies.

## DISCUSSION

Plaintiff's response to the court's order fails to corrected either of the deficiencies. He has neither stated the specific unlawful basis for discrimination pursuant to Title VII, nor included any allegations or documentation that he has exhausted his administrative remedies. With respect to exhaustion of administrative remedies, plaintiff indicates only that he "contact[ed] the EEOC by phone, leaving a contact number," and that "[i]n February 2009, [he] travel[ed] to Raleigh North Carolina, the state capitol, without an appointment to be told by Mrs. Lewis that [he] had no charge to investigate." (Pl. Resp. 1). These statements are insufficient to demonstrate that he either is entitled to or has received an EEOC right-to-sue letter. *See Davis v. N.C. Dep't of Corr.*, 48 F.3d 134, 140 (4th Cir. 1995) ("We have long held that receipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite that must be alleged in a plaintiff's complaint."). Plaintiff's failure to allege such facts or attach an EEOC right-to-sue letter to his complaint subjects it to dismissal. *See id.* ("[W]here '[n]either the complaint nor the amended complaint alleges' that the plaintiff has 'complied with these prerequisites,' the plaintiff has not 'properly invoked the court's jurisdiction under Title VII.'") (quoting *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979)); *Simmons-Blount v. Guilford County Bd. of Educ.*, No. 1:06-CV-944, 2009 WL 962266, at *3 (M.D.N.C. 7 Apr. 2009) (holding that plaintiff's failure to allege exhaustion of administrative remedies was not fatal where she attached the right-to-sue letter to her complaint).

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED that all of plaintiff's claims be DISMISSED. The Clerk shall send copies of this Memorandum and Recommendation to the respective parties or, if represented, their counsel, who have 14 days, or such other time as the court

directs, to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

SO ORDERED, this 19th day of November 2010.

James E. Gates
United States Magistrate Judge