IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:10-CV-103-FL

| | | |
|---|---|---|
| HENRY JOHNSON WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| GEORGIA PACIFIC CORPORATION; | ) | |
| REX HIERS; and KELLY PALMER, | ) | |
| | ) | |
| Defendants. | | |

This matter comes before the court on the memorandum and recommendation ("M&R") of Magistrate Judge James E. Gates, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b). The magistrate judge recommends that plaintiff's complaint be dismissed. No objections to the M&R have been filed within the time permitted to do so. The issues raised are therefore ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge and dismisses the complaint.

STATEMENT OF THE CASE

Pro se plaintiff initiated this action on May 28, 2010 by filing a motion for leave to proceed *in forma pauperis* together with his proposed complaint. Plaintiff's proposed complaint alleged that his employer unlawfully discriminated against him by denying him severance benefits in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000, *et seq.* ("Title VII"). The matter was referred to the magistrate judge for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). The magistrate judge allowed plaintiff's application to proceed *in forma pauperis*. The magistrate judge

determined, however, that plaintiff's complaint was deficient in that it failed to identify a specific type of discrimination and also failed to allege exhaustion of administrative remedies as required. The magistrate judge's order therefore ordered plaintiff to file by November 8, 2010, a particularized complaint adequately showing the grounds upon which he believed that he was subjected to unlawful discrimination, and exhaustion of administrative remedies.

On November 8, 2010, plaintiff filed a document in response to the order to particularize. On November 19, 2010, the magistrate judge issued his M&R, wherein it was recommended upon continuation of frivolity review that the particularized complaint be dismissed. No objections were filed within the time permitted.

DISCUSSION

A.  Standard of Review

The court is required to dismiss an *in forma pauperis* action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A case is "frivolous" if it lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court construes a *pro se* pleading liberally in engaging in a frivolity determination, but must not accept a pleading that fails to allege with specificity facts that support the plaintiff's claim. See White v. White, 886 F.2d 721, 724 (4th Cir. 1989).

The matter is before the court with benefit of the magistrate judge's analysis. Upon a careful review of the M&R, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Because no objections have been filed, the court reviews the magistrate judge's findings and conclusions only for clear

error, and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

B. Analysis

The court's order to particularize instructed plaintiff to file a particularized complaint properly alleging exhaustion of administrative remedies as required, as well as specifically identifying the basis of discrimination alleged under Title VII. Plaintiff's response to the court order fails to correct either of these deficiencies. The magistrate judge therefore has recommended to the court that plaintiff's claim be dismissed. Having reviewed the magistrate judge's findings and conclusions, the court agrees with the proposed disposition and finds that dismissal is proper.

Plaintiff's response to the order to particularize does not state the specific unlawful basis for discrimination pursuant to Title VII. Further, plaintiff does not properly allege that he has exhausted his administrative remedies. His particularized complaint states only that he "contact[ed] the EEOC by phone, leaving a contact number," and that "[i]n February 2009, [he] travel[ed] to Raleigh North Carolina, the state capitol, without an appointment to be told by Mrs. Lewis that [he] had no charge to investigate." (Pl. Resp. 1) These statements are insufficient to meet plaintiff's burden to allege exhaustion of administrative remedies, as plaintiff is required to allege at least entitlement to, if not receipt of, an EEOC right-to-sue letter. See Davis v. North Carolina Dep't of Corr., 48 F.3d 134, 140 (4th Cir. 1995) (stating that "[w]e have long held that receipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite that must be alleged in a plaintiff's complaint," and that where the complaint does not allege that plaintiff has complied, plaintiff has not properly invoked the court's jurisdiction under Title VII). As plaintiff has not alleged entitlement to, or receipt of, a right-to-sue letter, plaintiff has not properly invoked this court's jurisdiction and

3

therefore his complaint must be dismissed.

## CONCLUSION

Having reviewed the findings, conclusions and recommendations of the magistrate judge, and having found no clear error therein, the court hereby ADOPTS in full the M&R (DE #9), and DISMISSES this action without prejudice. The clerk is DIRECTED to close this case.

SO ORDERED, this the 29th day of December, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

4